Hall, J.
1. The personal property of a deceased person passes and is to be administered according to the law of his domicile. 71 Ga., 231 .head note 3 (a), 237.
(a) A mortgage on lands in this State given to secure a debt does mot convey title, but only creates a lien. Code, §1954.
2. It may be laid down as a general proposition, applicable, to the ■proceedings and judgments of the courts of other States of the Union, that they are entitled to have full faith and credit given them in this as well as in every other State, and a judgment of another State determining the domicile of a deceased person and probating her will is no •exception to the rule; and the issues so passed upon cannot be opened mnd inquired into again in a proceeding substantially between the same parties, and involving the same issues, pending in the courts of this State Const. U. S., art. 4, sec. 1; Acts Congress, 1790, 1804 (appended to Code, §3830); Lord vs. Cannon (last term). 1 Georgia Law Reporter, p. 130.
3. No general administration upon an estate should have been granted in this State, where there was a will in existence which was af *346 terwards proved and admitted to record, and if such administration has been granted in this State, and afterwards a will has been established, this would work a revocation, except as to such portions of the estate as had been fully .administered prior to the production and probate of the will. Williams Ex’rs. (Perkins ed.), 643,644 etseq. and cit.; 38 Ala, 402; 33 Id.,'570.
Thomas & Chandler; McNeill & Bevy; E. H. Orr; Harrison & Peeples, for plaintiff in error.
Smith & Russell ; E. P. Morrisset, for defendant.
4. In this case there was no necessity for any one of the limited ■or partial ■ forms of administration and the application for general administration haying been made and granted pending proceedings to prove the will in another State, of which the parties at whose instance administration was taken had full knowledge, they being parties to the other proceedings, it is plain that it was thus sought to obviate the force of any judgment which might be rendered in the other State, and prevent its receiving here the full faith and credit to which it was entitled under the constitution and laws of the United States, and under the spirit of comity contained in the Code of this State. It was therefore collusive and void. Guerard vs. Guerard, and Brown vs. Brown, (September Term, 1884); Schouler Ex’rs and Adm’rs, §91 and cit.
(a) The rights and property in this State consisted only of a small sum of money deposited in bank, and a considerable amount of choses in action secured by notes and mortgages. There was no realty, and no resident of this State was interested in the estate, either as creditor, legatee or distributee, and the collection and transmission of the assets could be as well accomplished by the foreign executor as by granting letters in this State. Code, §§2614-2618.
5. Whether certain charitable bequests by which more than one-third of the testatrix’s estate was lefc to certain charitable, religious and educational institutions, to the exclusion of her children, be void or not, yet as there arc o'her bequests, and the will appoints an executor, the existence of the charitable bequests will not prevent the grant of administration upon the estate under the will. 60 Ga., 194; 37 Id., 283;. Code, §2419.
(a) -Neither the act of 1883 (Acts 1883, pp. 100, 101), nor that of 1878 (Acts 1878, p. 147), nor Code, §§2434, (a), 2435, 2435 (a), 2435 (b) conflict with these views.
Judgment affirmed.
Blandford, J., concurred.
Jackson, C. J., dissented.